UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OLSON,<br><br>   Plaintiff,<br><br> v.<br><br>STATE OF CALIFORNIA CDCR,<br><br>   Defendant.<br>_____/ | 1:11-cv-0380-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 6 and 8) |

  Plaintiff Steven Olson ("Plaintiff"), proceeding pro se, filed this civil action on February 28, 2011.  On March 11, 2011, the Plaintiff was ordered to submit an application to proceed in forma pauperis or pay the $350.00 filing fee by April 7, 2011.  (Order, ECF No. 6.)  Plaintiff was warned that failure to comply with the Court's Order would result in dismissal of the action.  (Id.)  On April 18, 2011, the Court granted the Plaintiff an extension of his deadline to proceed in forma pauperis to May 20, 2011.  (Order, ECF No. 8.)  The May 20, 2011 deadline has passed and Plaintiff has not complied with or otherwise responded to the Court's Order.  He has not paid the $350.00 filing fee in full or filed an application to proceed in forma pauperis.

  Local Rule 110 provides that "failure of counsel or of a party to comply with

these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits --

1  is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
2  court's warning to a party that his failure to obey the court's order will result in
3  dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet,
4  963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's
5  Order expressly stated: "Failure to comply with this order will result in dismissal of this
6  action." (ECF No. 6.)  Thus, Plaintiff had adequate warning that dismissal would result
7  from his noncompliance with the Court's Order.
8        Accordingly, the Court hereby RECOMMENDS that this action be dismissed
9  without prejudice for failure to comply with the Court's Order.
10       These Findings and Recommendations are submitted to the United States
11 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
12 636(b)(1).  Within thirty days after being served with these findings and
13 recommendations, any party may file written objections with the Court and serve a
14 copy on all parties.  Such a document should be captioned "Objections to Magistrate
15 Judge's Findings and Recommendations."  Any reply to the objections shall be served
16 and filed within ten days after service of the objections.  The parties are advised that
17 failure to file objections within the specified time may waive the right to appeal the
18 District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

21        IT IS SO ORDERED.
22 Dated:   June 29, 2011                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE